UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MALDONADO, | No. 2:13-cv-385-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion, denies defendant's motion, and remands for further proceedings.

I. BACKGROUND

Plaintiff filed an application for a period of disability and DIB on September 6, 2010, alleging that he has been disabled since February 26, 2010. Administrative Record ("AR") 111-112. His application was denied initially and upon reconsideration. *Id.* at 61-64, 66-70. On November 9, 2011, a hearing was held before administrative law judge ("ALJ") Christopher Inama. *Id.* at 30-58. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

1

On December 2, 2011, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 17-24. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2012 (Ex. 3D/1).

2. The claimant has not engaged in substantial gainful activity since February 26, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: back pain secondary to muscle strain, rheumatoid arthritis and fibromyalgia (20 CFR 404.1520(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

   * * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b): lifting twenty pounds occasionally and ten pounds frequently. The claimant is capable of standing, walking, and sitting six hours out of an eight-hour workday, with normal breaks.  The claimant is limited to frequently handling, fingering, and feeling with his hands bilaterally.  The claimant is limited to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, crawling; however, the claimant is to avoid climbing ladders, ropes, and scaffolds.

   * * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

   * * *

7. The claimant was born on June 16, 1968 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82 -41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 26, 2010, through the date of this decision (20 CFR 404.1520(g)).

3

1   *Id.* at 19-24.

2   Plaintiff's request for Appeals Council review was denied on January 11, 2013, leaving
3   the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

4   II.   LEGAL STANDARDS

5   The Commissioner's decision that a claimant is not disabled will be upheld if the findings
6   of fact are supported by substantial evidence in the record and the proper legal standards were
7   applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);
8   *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,
9   180 F.3d 1094, 1097 (9th Cir. 1999).

10   The findings of the Commissioner as to any fact, if supported by substantial evidence, are
11   conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is
12   more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th
13   Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a
14   conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*
15   *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

16   "The ALJ is responsible for determining credibility, resolving conflicts in medical
17   testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
18   2001) (citations omitted). "Where the evidence is susceptible to more than one rational
19   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
20   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

21   III.   ANALYSIS

22   Plaintiff argues that the ALJ erred by: (1) weighing the medical opinion evidence of
23   record; (2) failing to find that plaintiff did not meet a listing at step three, and (3) failing to give
24   sufficient reasons for discrediting his subjective complaints.

25   Plaintiff contends that the ALJ erred in adopting the opinions of reviewing physicians
26   over the opinion of his treating specialist. ECF No. 18 at 16-19. To evaluate whether an ALJ
27   properly rejected a medical opinion, in addition to considering its source, the court considers
28   whether (1) contradictory opinions are in the record; and (2) clinical findings support the

1 opinions. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The weight given to medical
2 opinions depends in part on whether they are proffered by treating, examining, or non-examining
3 professionals. *Id.* Ordinarily, more weight is given to the opinion of a treating professional, who
4 has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*,
5 80 F.3d 1273, 1295 (9th Cir. 1996). An ALJ may reject an uncontradicted opinion of a treating or
6 examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831.
7 In contrast, a contradicted opinion of a treating or examining professional may be rejected for
8 "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a
9 treating professional's opinion generally is accorded superior weight, if it is contradicted by a
10 supported examining professional's opinion (*e.g.,* supported by different independent clinical
11 findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.
12 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an
13 examining physician relies on the same clinical findings as a treating physician, but differs only
14 in his or her conclusions, the conclusions of the examining physician are not 'substantial
15 evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

16 Here, the opinion provided by plaintiff's treating doctor conflicts with that of the doctors
17 who submitted consultative reports. Dr. Haijra Tily, plaintiff's treating rheumatologist, provided
18 an Arthritis Residual Functional Capacity Questionnaire. AR 483-486. She diagnosed plaintiff
19 with Rheumatoid Arthritis with a fair prognosis. *Id*. at 483. She indicated that plaintiff's
20 symptoms included reduced range of motion in the hands and knuckles, reduced grip strength,
21 weight, change, and abnormal gait. *Id*. She opined that plaintiff could only walk for one block
22 without rest or severe pain, sit for 30 minutes at one time, stand for 20 minutes at one time, but
23 could sit and stand/walk for a total of 2 hours in an 8-hour workday. *Id*. at 484-485. Dr. Tily
24 further opined that plaintiff would need a job that permitted her to shift positions and walk
25 around, and she would need 4 to 5 breaks a day, each lasting 15 minutes. *Id*. at 485. It was also
26 her opinion that plaintiff could lift 10 pounds rarely and lift less than 10 pounds occasionally.
27 /////
28 /////

1  She also found that plaintiff could only use her hands, fingers, and arms 20 percent of the time in
2  an 8-hour workday, and that plaintiff's symptoms would cause her to miss four or more days a
3  month. *Id*. at 486.

4  Plaintiff underwent an internal medicine consultation on December 18, 2010. *Id*. at 433-
5  438. The examining physician, Dr. Satish Sharma, found that plaintiff had back pain secondary
6  to musculoskeletal strain, rheumatoid arthritis, bronchial asthma, as well as depression and
7  insomnia. *Id*. at 437. He opined that plaintiff could lift 10 pounds frequently and 20 pounds
8  occasionally, stand and walk for 6 hours a day, and sit for six hours in a day. *Id*. at 437-438. He
9  also found that plaintiff had limitations in holding, fingering, and feeling objects bilaterally due to
10 swelling and tenderness of the finger joints. *Id*. at 438.

11 The record also contains a Physical Residual Functional Capacity Assessment completed
12 by Dr. Spellman. AR 466-470. Dr. Spellman opined that plaintiff could lift 20 pounds
13 occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, sit 6
14 hours in an 8-hour workday, and push and pull without limitation. *Id*. at 467. He further opined
15 that plaintiff was limited in handling and fingering, and could occasionally climb ramps and
16 stairs, balance, stoop, kneel, crouch, and crawl. *Id*. at 468.

17 In weighing the medical opinions, the ALJ adopted the opinion of non-examining
18 physician Dr. Spellman over the opinion from plaintiff's treating physician, Dr. Tily. *Id*. at 21.
19 As Dr. Tily's opinion was contradicted by Dr. Spellman's opinion, the ALJ was required to
20 provide specific and legitimate reasons for discounting the treating opinion.

21 The ALJ provided the following discussion for why he rejected Dr. Tily's opinion:

> I find this opinion does not match up well with the rest of the medical record; the limitations seem excessive, and the opinion is not credible or supportable based on the objective medical record. Furthermore, there is no narrative to support these asserted extreme limitations. The physician appeared to be more of an advocate than an objective examiner, and the opinion was heavily based upon claimant's subjective complaints, without sufficient objective supporting information. Therefore, I give little weight to the opinion of the claimant's treating physician.

27 AR 21.
28 /////

6

1    Thus, the ALJ rejected Dr. Tily's opinion because (1) it was unsupported by the medical
2 records and objective medical findings; (2) it relied heavily on plaintiff's subjective complaints,
3 and (3) it was not supported by a narrative.
4    The ALJ's conclusory finding that Dr. Tily's opinion is not supported by medical
5 evidence or objective findings is not sufficient to reject this treating opinion.  An ALJ may satisfy
6 his burden of providing specific and legitimate reasons for rejecting a contradicted medical
7 opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical
8 evidence, stating his interpretation thereof, and making findings."  *Embrey v. Bowen*, 849 F.2d
9 418, 421 (1988).  As explained by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient
> objective findings does not achieve the level of specificity our prior
> cases have required even when the objective factors are listed
> seriatim. The ALJ must do more than offer his own conclusions. He
> must set forth his own interpretation and explain why he, rather
> than the doctors, are correct.

*Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

    Not only did the ALJ fail to specifically identify which portions of the medical record did
not support Dr. Tily's findings, the ALJ did not discuss any of the objective findings made by any
physician.  Aside from discussing the various medical opinions, and noting that Dr. Spellman
found that plaintiff had rheumatoid arthritis, the ALJ's decision is completely devoid of any
discussion pertaining to the medical evidence of record.  Accordingly, the ALJ's first reason is
not a legitimate basis for rejecting Dr. Tily's opinion.

    In the same vein, the ALJ found that Dr. Tily's "opinion was heavily based upon
Claimant's subjective complaints, without sufficient objective supporting information."  AR 21.
The opinion of a treating physician may be rejected where it is premised primarily on plaintiff's
subjective complaints and the ALJ properly discounted plaintiff's credibility.  *Tonapetyan v.
Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).   However, the ALJ provides no explanation for this
conclusion and does not cite to any evidence in the record showing that Dr. Tily's opinion relied
heavily on plaintiff's subjective complaints without objective support.  Furthermore, the ALJ's
/////

7

1  failure to fully explain this finding is especially troubling in this case, given the ALJ found that
2  plaintiff's severe impairments included fibromyalgia.

3        The ALJ specifically found that plaintiff's severe impairment's included fibromyalgia. *Id*.
4  at 19. "[F]ibromyalgia's cause or causes are unknown, there is no cure, and, of greatest
5  importance to disability law, its symptoms are entirely subjective." *Jordan v. Northrop*
6  *Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 872 (9th Cir. 2004), *abrogated on other*
7  *grounds by Abatie v. Alta Health & Life Ins. Co.*, 458 F. 3d 955, 970 (9th Cir. 2006). Thus, Dr.
8  Tily would have had to rely on plaintiff's subjective complaints in addressing this condition.
9  That fact, coupled with the ALJ's failure to specifically address any evidence supporting the
10  conclusion that Dr. Tily's opinion otherwise relied heavily on plaintiff's subjective complaints
11  without the support of objective findings, the court finds that this second reason was not a specific
12  and legitimate reason for rejecting Dr. Tily's opinion.

13        The ALJ also rejected Dr. Tily's opinion because it was not supported by a narrative to
14  support the opinion. AR 21. Dr. Tily's opinion was obtained by way of a check-the-box form,
15  that does not include specific discussion explaining the opinion. *Id*. at 483-486. An ALJ may
16  reject a treating physician's opinion "that is brief, conclusory, and inadequately supported by
17  clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Nevertheless, the
18  court finds that the ALJ's reliance on the brevity and conclusory nature of Dr. Tily's opinion was
19  not a specific and legitimate reason in the instant case. As already stated, the ALJ rejected Dr.
20  Tily's opinion in favor of Dr. Spellman's opinion. Dr. Spellman, however, also provided his
21  opinion in a check-the-box form. The primary difference in form between the two is that Dr.
22  Spellman's check-the-box form actually provided less explanation for his opinion. To reject an
23  opinion on the basis that it is conclusory and unsupported in favor of a different opinion that is, at
24  the very least, equally conclusory is not a legitimate reasons for discounting the treating doctor's
25  opinion.
26  /////
27  /////
28  /////

8

For these reasons, the court finds that the ALJ failed to properly weigh the medical opinion evidence, and therefore this matter must be remanded for further consideration.[2]

IV. CONCLUSION

The ALJ failed to apply the proper legal standard in weighing the medical opinion evidence of record. Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further consideration consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 30, 2014.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments.